UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GERARD DAVIS, | ) | CASE NO. 1:07 CV 2030 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CYNTHIA MAUSSER, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On July 3, 2007, *pro se* plaintiff Gerard Davis filed this action under 42 U.S.C. § 1983 against Ohio Adult Parole Authority ("OAPA") Chairperson Cynthia Mausser, OAPA Board Member Harry Hageman, and "John Does (Unknown Parole Board Members or Other Officials x 100)." In the complaint, plaintiff alleges that the OAPA extended his supervised release period from two years to five years. He seeks monetary damages, and an order requiring the OAPA to honor its previous release period of two years. Mr. Davis also filed an Application to Proceed In Forma Pauperis. That Application is granted.

**Background**

Mr. Davis was sentenced in December 1983 to life imprisonment following his conviction for two counts of rape of a child under the age of thirteen and one count of child

endangering.[1]  *See State of Ohio v. Davis*, No. 48038, 1984 WL 6325 (Ohio App. 8 Dist. Dec. 5, 1984).  Mr. Davis was released on parole on October 27, 2003.  He states that at the time he was granted parole, he was given a "certificate of parole/release authorization" in which the OAPA represented to him that at the end of two years, he would be eligible for final release consideration.  Mr. Davis complains that the OAPA has extended his final release consideration date from two years to five years.  He claims that the decision to extend his final release consideration was based on improper factors.  He contends Ms. Mausser extended his release date because she has a policy of extending final release for African American parolees.  He claims Mr. Hageman extended his final release because Mr. Davis had filed previous lawsuits against the OAPA.  Mr. Davis seeks an order requiring the OAPA to honor the two year final release date set forth in the certificate of parole, and monetary damages against the defendants in both their official and individual capacities.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2]  *Neitzke v. Williams*,

---

[1]  Ohio Department of Rehabilitation and Correction records indicate that Mr. Davis was also serving a sentence for two counts of aggravated robbery.  *See* http://www.drc.state.oh.us/OffenderSearch/Search.aspx

[2]  An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

As an initial matter, the doctrine of *res judicata* bars Mr. Davis's attempt to secure final release from his parole. He filed a petition for a writ of prohibition in the Ohio Eighth District Court of Appeals contesting the OAPA's extension of his parole final release from two years to five years. *See Davis v. OAPA*, No. 88335, 2006 WL 2977980 (Ohio App. 8 Dist. Oct. 17, 2006). The Eighth District Court of Appeals denied the writ. The court held that he was not entitled to a writ of prohibition, and in addition, that there was no legal authority to support Mr. Davis's contention that he was entitled to receive final release on the eligibility consideration date stated on the certificate of parole. *Id.* at 1. The court further found that the claim was barred by *res judicata* because Mr. Davis had previously litigated a substantially similar claim in an action before the Ohio Supreme Court. *See Davis v. OAPA*, No. 2006-0239 (Ohio Sup. Ct. 2006). Mr. Davis now has filed the within action attempting to litigate this matter using a new legal theory to justify relief.

A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; *Dubuc v. Green Oak Township*, 312 F.3d 736, 744 (6th Cir. 2002). The preclusive effect of the previous state court judgments are therefore governed by Ohio law on preclusion. *Id.* Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit. *National Amusement, Inc. v. Springdale*, 53 Ohio St. 3d 60, 62 (1990). The doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action he files, or forever be barred from asserting it. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The Ohio courts have already determined that the OAPA did

not violate the plaintiff's rights by extending his final parole release eligibility date from two years to five years. It also ruled that his second attempt to litigate the issue under a different legal theory was barred by the doctrine of *res judicata*. It is clear that if Mr. Davis attempted to file the within action in an Ohio court, it would be barred by the doctrine of *res judicata*. This court is bound to give full faith and credit to the decisions of those courts.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 8/17/07

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.